, The opinion of tlie Court was delivered by
Bkk.wudez, C. J.
This is an action to enforce the payment of the balance due on the purchase price of certain real estate said to have been acquired by the defendant for her individual and separate benefit. The-amount claimed is alleged to be secured by vendor’s privilege on the property sold and by mortgage on other property of the defendant.
Tlie defense is, that the purchase was not made by the defendant,, for lior own account, but for the benefit of tlie community existing between her and lieu husband; that the* debt contracted is the debt of the latter; that the security given for the payment thereof by mortgage on the property of defendant, is.illegal; that the debt did not enure to her benefit; that she did not. have the means to purchase, and did not buy, and that slie is hot, therefore, responsible'.
There was judgment, relieving tlie defendant from the debt, annulling the sale, and putting the parties in the condition in which they stood prior to the transaction.
- From the judgment thus rendered, the plaintiffs have appealed. They ask its reversal, only so far as it relieves the defendant from pecuniary liability, but, were the judgment affirmed in that respect, they remain satisfied witli the equitable decree of- the lower court. The defendant and appellee has not prayed for any amendment of the judgment thus brought up for review.
The facts disclosed by the record and by tlie admissions of the parties litigant, are the following:
Alice and Mary Mason, minors, became, bj- inheritance, in 1871, the owners of the undivided half of the Bry Plantation, near the City of ■ Monroe; the remaining half accruing, by like title, to the present defendant.
After compliance with the formalities prescribed by law-, to authorize the private sale of the property of minors in certain cases, the half of the'above named property was purchased by the defendant, with her husband’s authorization, for $27,000, tlie payment of this sum being secured by vendor’s privilege on the prop'erty sold, but, besides, by conventional mortgage on tlie half belonging to the defendant, who owned also a piece of land yielding as much as $1,000 annually. The revenues of all the paraphernal property of the defendant, which was *977 under t.lie administration of her husband at the date, of the s.ale, were and have been insufficient to meet the notes sued upon in this case. As much as $9,474.54 were paid on the purchase price. The value of the property sold, at the date of the sale, and since, did not exceed $25,000 for the whole, at which it was appraised in the inventory. The purchase price exceeded by $2,000 double the value of the half interest sold. The annual revenues yielded by the whole land do not exceed two thousand dollars.
The bare statement of the facts of this case suffices to refute conclusively the pretensions of the plaintiff to fix a liability on Mrs. Layton. She had no paraphernal funds to invest; she, therefore, could make and made no investment by the purchase.
Had she possessed means ample enough to enable her to make the purchase, with a reasonable prospect of paying the price of sale, this action would present important, different features.
It is not even shown that, since the purchase, she resumed the administration of the other property which she owned previous to the transaction, or that she administered the half inherited and the half said to have been acquired by her.
In tile absence of such proof, the presumption is, that her husband has continued up to this day to administer her property, the revenues of which belonged to him and fell in the community. II. C. C. 2363, 2385, 2402, 2403.
We cannot sanction the- proposition, that from the fact of the purchase it must be inferred that the defendant resumed the administration of her estate. Such resumption itself is a fact which, like all other material facts, must be established.
We think that the questions at issue in this controversy come within the well considered, exhaustive and leading rulings in the 16 An. 214; 29 An. 75; and 33 An. 168, 609, so effectually, that we are justified, without further discussion, in holding that the property, said to have been acquired by the defendant in this case, for her individual account, cannot be so viewed, but must be considered as having been purchased for purposes of speculation, for the benefit of the community, and .that, therefore, the pecuniary liability for what remains due on the price cannot be saddled upon her.
As an irresistible corollary, it follows that the mortgage which she gave on the half inherited by her, must be treated as a nullity, as consented in violation of a prohibitory law, to secure the payment of a debt for which her husband is alone responsible. R. C. C. 2398; H. D. 868; L. D. 409.
It is, therefore, ordered and decreed, that the judgment appealed from be affirmed with costs.